IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SALVADOR FRANCES | § | |
|     Plaintiff | § | |
| VS. | § | Case No. 4:13cv210 |
| NEXION HEALTHCARE AT MCKINNEY, INC., ET AL. | § | |
|     Defendants | § | |

## MEMORANDUM OPINION AND ORDER REGARDING MOTION TO DISMISS

Pending before the Court is Defendant's Motion to Dismiss (Dkt. 25). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

Plaintiff Salvador Frances filed his Third Amended Complaint in this matter on August 28, 2013. *See* Dkt. 22. Plaintiff alleges that, in June 2010, he began working as a licensed vocational nurse for Defendant Nexion Health at its McKinney, Texas healthcare facilities and was assigned to work the 300 Hall which assisted primarily Medicare patients. Plaintiff alleges that, despite satisfactory performance reviews, in the summer of 2011 he was "summarily terminated" after being given the choice of being demoted or terminated. Plaintiff, who is 61 years old, now brings the following claims against Defendant: (1) wrongful termination in violation of 29 U.S.C. § 621 et seq. (Age Discrimination in Employment Act); (2) constructive discharge in violation of 29 U.S.C. § 621 et seq. and Texas Labor Code; and (3) discriminatory demotion in violation of 29 U.S.C. § 621 et seq. and Texas Labor Code. *See* Dkt. 22.

1

Defendant seeks dismissal of Plaintiff's claims, arguing that: (1) Plaintiff cannot establish an adverse employment action required to support his ADEA claims for discriminatory discharge or demotion; (2) Plaintiff failed to exhaust his administrative remedies with respect to his constructive discharge and discriminatory demotion allegations; (3) "constructive discharge" is not a viable cause of action under Texas law; and (4) even if constructive discharge were a recognized cause of action, Plaintiff's allegations do not rise to the level of a viable claim. *See* Dkt. 25.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."

*Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

In response to the motion to dismiss, Plaintiff concedes that there is no claim for constructive discharge under Texas law. *See* Dkt. 26 at 6. Therefore, that claim is dismissed.

The Court now turns to Plaintiff's remaining claims of wrongful termination and constructive discharge in violation of the ADEA and discriminatory demotion in violation of the ADEA and Texas law.

To establish a *prima facie* case of discriminatory treatment based on age, a plaintiff must show: (1) he is within the protected class; (2) he is qualified for the position; (3) he suffered an adverse employment decision; and (4) he was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410 -411 (5th Cir.

2013).¹  Once a plaintiff establishes a *prima facie* case, the defendant must set forth a legitimate, nondiscriminatory reason for the employment action it took against the plaintiff. *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005).  This is a burden of production, not persuasion, on the defendant's part, and it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L.Ed. 2d 407 (1993).  If the defendant meets this burden, the plaintiff must establish that the employment action occurred because of intentional age discrimination. *Machinchick*, 398 F.3d at 350.  "A plaintiff alleging age discrimination under the ADEA has the burden of proving that age was the 'but-for cause' of the adverse employment action, such as the discharge or failure to hire." *Leal*, 731 F.3d at 411 (*citing Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176, 180, 129 S. Ct. 2343 (2009) (quotation marks omitted)).²  A protected class under the ADEA includes individuals who are at least forty years old. *Id.* (citing 29 U.S.C. §§ 631(a), 633a(a)).

---

¹Similarly, to prove a *prima facie* case of discrimination based on demotion, a plaintiff must prove that he: (1) suffered a demotion; (2) he was qualified for the position he occupied; (3) he was a member of a protected class at the time of the demotion; and (4) he was replaced by a person outside of that protected class. *Caldwell v. University of Houston System*, 520 Fed. Appx. 289, 293 (5th Cir. 2013) (citing *Crawford v. Formosa Plastics Corp., La.,* 234 F.3d 899, 902 (5th Cir.2000)).

²Although the elements of an age discrimination claim are essentially the same under the TCHRA and state courts look to analogous federal statutes and the cases interpreting them guide the reading of the TCHRA, the Texas Supreme Court has held that, under the TCHRA, a plaintiff need only prove that age discrimination was "a motivating factor" in the termination decision. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001).  This distinction is not relevant to the Court's analysis here, as the Court finds that an adverse action – under either the state or federal statute – has been sufficiently stated.

Plaintiff has alleged that he was in the protected class and that he was qualified for the position. He has further alleged that he was replaced by someone younger.

Defendant argues that Plaintiff cannot establish the adverse employment action required to support his claims for discriminatory discharge or demotion. An adverse employment action is an ultimate employment decision such as hiring, granting leave, discharging, promoting, or compensating. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). Here, Plaintiff has alleged that he is no longer employed by Defendant and thus no longer receiving the benefits of employment. He has further alleged that members of his support staff were reassigned to other areas, increasing his workload and overtime requirements. He further alleges that he was given the choice of demotion or termination and that, after never being given specifics about the new position, he was ultimately terminated by Defendant.

The Court finds that Plaintiff has sufficiently stated facts in support of an adverse action. *Serna v. City of San Antonio*, 244 F.3d 479, 483 (5th Cir. 2001) (discharges, demotions, refusals to hire, refusals to promote, and reprimands, even without cut in pay or other tangible benefits can constitute an adverse employment action). Plaintiff will be required, however, to support these claims with evidence to show that, when viewed objectively by the trier of fact, the changes in his employment would have made the job objectively worse and his subjective perception of the change in job duties will be insufficient. *Id.; Maestas v. Apple, Inc.*, 546 Fed. Appx. 422, 426 (5th Cir. 2013) (a party's subjective belief that a job transfer is detrimental, by itself, is insufficient). Enough facts have been stated, however, to survive 12(b)(6) scrutiny.

The Court similarly finds that Plaintiff has sufficiently stated facts to support a claim of constructive discharge. "A constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign." *Hunt v. Rapides Healthcare Sys., LLC,* 277 F.3d 757, 771 (5th Cir. 2001). The determination of whether an incident is a constructive discharge is an objective, reasonable employee, test under which it is asked whether a reasonable person in the plaintiff's shoes would have felt compelled to resign. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Courts consider the relevancy of the following events: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibility; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status." *Dediol v. Best Chevrolet, Inc*., 655 F.3d 435, 444 (5th Cir. 2011). Enough facts are stated here to support a claim of constructive discharge; therefore, the Court will not dismiss the claim under Rule 12(b)(6). At the time of trial or summary judgment, however, Plaintiff will again be required to support his claims with evidence to show that a reasonable employee would feel compelled to resign under the situation he faced.

As to Defendant's argument that Plaintiff's handwritten statement is sufficient to show that he resigned voluntarily, the Court finds that such matter is more appropriate for summary judgment or trial and is not the sort of determination to be made as a matter of law at the motion to dismiss phase. And, although the written statement is referenced in the complaint, Plaintiff also alleges that

while he was writing the statement "contesting his termination and explaining why he could not accept the demotion," his supervisor told him that" I know you can do a better job but right now it is too much for you. I need someone who is young and willing to stay 2 to 4 hours off the clock without pay." *See* Dkt. 22 at ¶4.17. Based on this allegation, the written statement in isolation will not be considered as grounds for dismissal.

The Court, having drawn on its judicial experience and common sense, has construed the "facts in the light most favorable to the nonmoving party, as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (reversing and remanding district court's 12(b)(6) dismissal of ADEA claims and finding that allegations that (1) plaintiffs were within the protected class under the ADEA, were qualified for two newly-created positions, and were not selected for the positions; (2) that a "substantially younger" employee was selected for one of the positions and a supervisor said that the department needed "new blood"; and that (3) plaintiffs were "clearly better qualified" than their replacement, even if bare, sufficiently stated a plausible claim for age discrimination to survive a motion to dismiss). The Court finds that Plaintiff has stated facts that raise a right to relief above the speculative level as to his claims of wrongful termination and constructive discharge under the ADEA and discriminatory demotion under the ADEA and TCHRA. *See e.g. Flores v. Select Energy Servs., L.L.C.*, 486 Fed. App'x 429, 432-433 (5th Cir. 2012) ("we conclude that Flores's factual allegations of (1) being fired immediately after his accident, in contrast with similarly situated younger employees not being fired after being involved in such accidents, and (2) Select's transmitting an improper job reference, are

sufficiently plausible to support a claim of age discrimination at the Rule 12(b)(6) stage of this case.").

Finally, the Court addresses Defendant's argument that Plaintiff failed to exhaust his administrative remedies with respect to his constructive discharge and discriminatory demotion allegations. "A plaintiff alleging workplace discrimination must exhaust his administrative remedies before he may sue under the ADEA, Title VII, or the TCHRA." *Castro v. Texas Dept. of Criminal Justice,* 541 Fed. App'x 374, 379 (5th Cir. 2013); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."). "This requirement serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S. Ct. 1011, 39 L. Ed.2d 147 (1974) and *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

The Fifth Circuit has explained the purpose of the exhaustion of remedies requirement as follows:

> Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation. Nevertheless, competing policies underlie judicial interpretation of the exhaustion requirement. *See id.* at 788–89. On one hand, the scope of an EEOC charge should be liberally construed for litigation purposes because Title VII "was designed to protect the many who are unlettered

and unschooled in the nuances of literary draftsmanship." *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465 (5th Cir. 1970). On the other hand, the "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco,* 448 F.3d at 788–89. To reconcile these policies, this court construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." *Sanchez,* 431 F.2d at 466. We use a "fact-intensive analysis" of the administrative charge that looks beyond the four corners of the document to its substance. *Id.* In sum, a Title VII lawsuit may include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *Id.*

*McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)

Looking at the EEOC charge here, the Court finds that the investigatory and conciliatory procedures as to Plaintiff's claims of constructive discharge and demotion were sufficiently triggered. *See Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) ("We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label."). Defendant argues that the EEOC charge states that Plaintiff was "summarily terminated" and contains no reference to a constructive discharge or demotion claim. The Court notes, however, that immediately after the sentence referencing his summary discharge, Plaintiff's EEOC charge states that "[h]e was advised he could either be demoted or be terminated immediately" and that "Mr. Frances sought to continue his full-time employment with Nexion, and was provided no reason whatsoever for his demotion." Dkt. 25-3 at 2. Plaintiff's EEOC filing further alleges the following:

> When Mr. Frances was writing out a statement to contest his termination, Ms. Kisler advised Mr. Frances that, "I know you can do a better job but right now it is

9

> too much for you. I need someone who is young and willing to stay two to four hours off the clock without pay."

*Id.* Not only are many of the allegations in the EEOC complaint consistent with – if not identical – to those in his pleadings here, broadly construing the EEOC charge, as the Court is directed to do, all of Plaintiff's allegations in this suit – including his claims of constructive discharge and discriminatory demotion – could be reasonably expected to grow out of the EEOC charge. Defendant was sufficiently on notice and Plaintiff sufficiently exhausted his administrative remedies as to all claims here.

For these reasons, the Court GRANTS Defendant's Motion to Dismiss (Dkt. 25) as to Plaintiff's claim of constructive discharge in violation of the Texas Labor Code and DENIES it as to all other claims. The case shall proceed as narrowed.

**SO ORDERED.**

**SIGNED this 17th day of June, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE